UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-3-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING BAIL PENDING APPEAL** |
| PAUL LELAND JOHNSON, | |
| Defendant. | |

Defendant Paul Leland Johnson ("Defendant") seeks bail pending appeal under 18 U.S.C. § 3143(b). Bail Mot., ECF No. 123. The United States ("Government") opposes the motion, arguing that Defendant "fails in his burden of proving a substantial question on appeal." Opp'n at 4:16-17, ECF No. 126. A defendant seeking bail pending appeal must show:

> (A) by clear and convincing evidence [he] is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

1

18 U.S.C. § 3143(b)(1).

"[A] 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful,'" United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted); "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous," Id. (citing United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).

Defendant has not shown he does not "pose a danger to the safety of . . . the community if [he remains] released." 18 U.S.C. § 3143(b)(1)(A). Defendant bears the burden to show he is not a danger. Fed. R. Crim. P. 46(c). Defendant argues the following facts support a finding by clear and convincing evidence that he does not pose a danger to the community:

> [He] was only convicted of two counts of willfully making material false statements in violation of 18 U.S.C. § 1001; the jury acquitted [him] of one other false statement count and was unable to reach a verdict on the two remaining counts. He has no prior criminal record. The offenses occurred in 2012, more than five years ago. [He] was recently married and lives in San Jose, California. Over the last almost three-year period, [he] made all his court appearances. He appeared as required throughout the trial.

Bail Mot. at 4:1-7. This does not support by clear and convincing evidence that Defendant is not a danger to the community. Although Defendant was not found guilty of arson of a federal vehicle in violation of § 844(f), the question is not whether a jury found him guilty of a dangerous offense but, rather, whether Defendant has met his burden of showing, by clear and convincing evidence, that he "pose[s] [no] danger to the

2

safety of . . . the community if released." 18 U.S.C. § 3143(b)(1)(A). For the reasons set forth in the undersigned judge's Ruling on Sentencing Objections and Findings Augmenting Presentence Report ("PSR Order"), issued contemporaneously with this order, clear and convincing evidence supports the conclusion that Defendant set fire to his Forest Service truck. The PSR also evinces a troubling pattern of fire-setting activity, and the trial record reveals his keen interest in documenting the fires he was involved with by videotaping the fires or taking pictures of the fires. In light of his fire ignition proclivities, and his lack of candor, he is a probable recidivist. Defendant has not shown clear and convincing evidence that Defendant poses no danger to the safety of the community if allowed to be released on bail.

Nor has Defendant shown that his appeal raises "a substantial question of law or fact." 18 U.S.C. § 3143(b)(1)(B). Defendant states he will argue on appeal the insufficiency of the evidence in support of counts 4 and 5, of which he was convicted. See Bail Mot. at 4:26-6:19. This argument would be near frivolous. In reviewing the record for insufficiency of the evidence, The Ninth Circuit applies a two-step process:

> First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution. This means that a court of appeals may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial. Rather, when faced with a record of historical facts that supports conflicting inferences a reviewing court must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the

3

>           prosecution, and must defer to that
>           resolution.
>
>           Second, after viewing the evidence in the
>           light most favorable to the prosecution, the
>           reviewing court must determine whether this
>           evidence, so viewed, is adequate to allow any
>           rational trier of fact [to find] the
>           essential elements of the crime beyond a
>           reasonable doubt.

Opp'n at 2:7-18 (quoting United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quotations and citations omitted)). Defendant raises no substantial question of law, as the record is replete with evidence supporting the convictions. The government's following arguments about the trial evidence is correct.

>           As to Count 4, the timeline established by
>           the evidence at trial was clear that Johnson
>           did not call the truck fire in to dispatch
>           until after he wrapped up his conversation
>           with the campers. Johnson eventually admitted
>           as much when he spoke with the federal agents
>           investigating the case several months later,
>           and he also confirmed in his testimony at
>           trial that the true sequence was that he
>           talked with the campers first and then
>           radioed in. Yet just after the fire, in his
>           written statement to the Forest Service, he
>           stated otherwise: that he had radioed in
>           before talking with the campers. In those
>           first few days after the fire, Johnson had
>           good reason to lie. His story about radioing
>           in first and talking with the campers second
>           would be consistent with his training on how
>           and when to call dispatch. This sequence
>           would avoid any suspicion or further
>           questioning about why Johnson delayed calling
>           for help. Johnson cut off a line of inquiry
>           from the Forest Service officials initially
>           investigating the fire by lying about the
>           timeline of events. That evidence is more
>           than sufficient to support the jury's verdict
>           that the elements of willfulness and
>           materiality were met.
>
>           As to Count 5, the evidence at trial
>           established that by the time Johnson met with

> the investigators in the Fall of 2012, two significant developments had occurred. First, the Forest Service warehouse had burned down, the result of Johnson's misuse of linseed oil. Second, investigators had located the campers and pieced together a timeline based on dispatch traffic that did not match the written statement Johnson had provided. Johnson, in an effort to dispel the suspicion of the agents, lied again, claiming that he only told the campers that he would call for help, not that he had called for help already. The trial testimony of the campers disproved Johnson's lie, and the jury appropriately credited the testimony of the campers. Johnson testified in his defense that he did not intentionally tell this lie, but the jury was free to disbelieve him. As to materiality, the standard is whether the statement "has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed." Kungys v. United States, 485 U.S. 759, 770 (1988) (internal quotation marks omitted). Johnson's lie to investigators was material because, if believed, Johnson did not lie to the campers. Johnson was attempting to persuade the investigating agents that he was forthright in his interaction with the campers, again, diverting suspicion away from himself.

Opp'n at 2:18–3:21.

Defendant also argues that the jury must have been confused because of a perceived inconsistency Defendant attributes to the convictions. The Government counters:

> [Defendant] argues that the jury's verdict was inconsistent in light of the jury's inability to reach a verdict for Count 2, the obstruction of justice count. CR 123. This argument is "based on the mistaken assumption that this court should reconcile arguably inconsistent verdicts, and speculate as to the reasons for the jury's" failure to convict on the obstruction of justice count. United States v. McCall, 592 F.2d 1066, 1068 (9th Cir. 1979). The appellate inquiry into the sufficiency of the evidence does not require "reconcile[ing] rationally inconsistent verdicts, nor do inconsistent verdicts mandate reversal." Id.

5

Opp'n at 3:22-4:4. Defendant has not shown that this issue should be addressed.

Defendant also raises no substantial question as to the guideline calculations set forth in the PSR and the sentence imposed consistent with the contemporaneously filed PSR Order. Defendant argues that the cross-reference to arson was inappropriate because the convicted offenses did not "involve" arson within the meaning of USSG § 2B1.1(c)(2). Bail Mot. at 6:3-5. But Defendant here, and in his formal objection to the PSR, simply asserts "[his] offenses were for making false statements. The false statements in counts 4 and 5 took place after any alleged arson occurred; his offenses did not involve arson." Id. at 8:4-7. Defendant cites no support; he offers no case law or dictionary definition of "involve." Courts must be given enough argument for proper application of 18 U.S.C. § 3143(b)(1), see United States v. Montoya, 908 F.2d 450, 451 (9th Cir. 1990) ("We simply cannot evaluate the merits of arguments that have not been set forth."), and Defendant's argument is wholly insufficient. As written in the contemporaneous PSR Order, the word "involves" is not so limiting. "To 'involve' also means 'to relate closely,' [Webster's Third New International Dictionary 1191 (1993)], or to 'connect closely,' [The American Heritage Dictionary 921 (4th ed. 2000)]." United States v. McKenney, 450 F.3d 39, 42-43 (1st Cir. 2006).

Nor would this cross-reference violate the Sixth Amendment to the United States Constitution. Defendant argues it "violate[s] the Sixth Amendment for the Court to find and sentence [him] for committing arson when the jury found him only

guilty of false statement counts," but that is not what is occurring. "The Supreme Court has held that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge." United States v. Lynch, 437 F.3d 902, 916 (9th Cir. 2006) (citing United States v. Watts, 519 U.S. 148, 157 (1997)); see also United States v. Mercado, 474 F.3d 654, 657 (9th Cir. 2007) ("We are, therefore, satisfied that the core principle of Watts lives on and that the district court could constitutionally consider the acquitted conduct."). As the Ninth Circuit held in Lynch:

> In this case, Lynch was not found innocent of a charge of murdering Carreiro. In response to the special interrogatory, the jury merely found that they did not unanimously agree that the government had established Lynch's murder of Carreiro by proof beyond a reasonable doubt. It was therefore not error for the court to make its own finding in sentencing Lynch.

437 F.3d at 916.

Defendant also argues he will raise on appeal the issue of enhancement for endangering a place of public use under § 2K1.4(a)(2)(C)(iii). See Bail Mot. at 8:13-23. Defendant argues that the road was not maintained during the winter and that the snow present rendered the fire no danger. See id. But Defendant himself admitted the recreational nature of Mormon Emigrant Trail, explaining that in February the public used the road to go off-roading, snow wheeling, and camping. Transcript at 1207. When Defendant was asked the question "In February did many people use the Mormon Emigrant Trail near where you were parked?" Defendant answered "Yeah. Yes. My experience was, yes." Id. at 1206. He also testified that "[b]ased on [his] experience [he]

7

would see a lot of people on Friday afternoons. And from talking to people, they would . . . randomly take a Friday off to make a three-day weekend, then hop up to the woods to grab their favorite spot." Id. at 1207; see also id. at 468 (memorializing that the Fire was observed on a Friday). Defendant also testified he encountered members of the public while his Forest Service truck was ablaze. Id. at 1234. Nor is there a substantial question concerning whether the trail was endangered: The fire spread beyond the truck into a 30-foot area of pine needles and grass that also caught fire. Id. at 119. A second fire engine was responsible for putting in a containment line to keep the wildland fire from spreading. Id. at 120. There was an immediate threat to the wildland when the first engine on scene pulled up. Id. at 122. The second engine assisted with the fire suppression activity by keeping the wildland fire from spreading. Id. at 187.

Finally, Defendant raises no substantial question of law or fact concerning the applicability of an enhancement for obstruction of justice. The Government convincingly argues "Johnson committed perjury by denying in his trial testimony that he had the requisite mens rea." Opp'n at 4:13-14. As set forth more fully in the undersigned judge's contemporaneously issued PSR Order:

> Johnson testified that he lacked the mens rea required to convict him on Counts 3-5, the false statement counts. If the jury were to have believed his testimony, the jury could not have convicted him on those counts. In more than one place in his testimony, Johnson attempted to convince the jury that he lacked the mens rea required for conviction. First, Johnson answered in the negative in response

8

> to a catch-all question posed to him by defense counsel, incorporating all of the elements of making a false statement: "[D]is you knowingly and willfully make any false statements in any form knowing that they would contain materially false, fictitious, or fraudulent information as alleged in Counts Three through Five?" Transcript at 1311. Johnson responded, "no." Transcript at 1311.
>
> Johnson then defended that answer on cross-examination, explaining to the jury that "at the time on February 3rd I believed what I wrote to be true and correct, as I wrote, to the best of my knowledge." Transcript at 1331. But the jury rejected that claimed mens rea, convicting Johnson of the false statement made in that written statement. Johnson also claimed he did not knowingly make the second false statement, testifying "[n]o, I did not know that it was not true. It was something that had been called into question from the investigators." Transcript at 1335. The jury also convicted Johnson of this second false statement, rejecting his claim that he lacked the knowledge element of the offense.

PSR Order (quoting ECF No. 122 at 7:6-25). Defendant has not raised a "substantial question"; one that "is 'fairly debatable,' or 'fairly doubtful,'" Handy, 761 F.2d at 1283 (internal citations omitted).

For the foregoing reasons, Defendant has not sustained his burden of showing he does not pose a danger to the community and that his intended appeal raises a substantial question of law or fact likely to result in relief for Defendant. Therefore, Defendant's motion for bail pending appeal is denied.

Dated: February 23, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

9