UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:15-CR-00003-KJM |
| Plaintiff, | |
| v. | ORDER |
| PAUL JOHNSON, | |
| Defendant. | |

Defendant's motion for reconsideration of the court's prior order denying his motion for compassionate release is before the court.  Mot., ECF No. 157.  Defendant originally brought an emergency motion seeking compassionate release and a reduction of his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 143.  Initially, he brought the motion in an effort to avoid being transferred to a new facility, but he was transferred before the court was able to decide the motion.  *See* First Order, ECF No. 152.  Subsequently, defendant renewed his motion, in light of the increased risks to his health he argues the coronavirus ("COVID-19") pandemic poses to him as someone who is in custody, with his particular health issues.  *See* Response to Min. Order, ECF No. 153.  On May 8, 2020, the court denied the motion, finding defendant did not meet his burden of showing his health constituted an extraordinary and compelling reason such that compassionate release was warranted.  Order, ECF No. 156.

Defendant now moves the court to reconsider its May 8 order in light of additional evidence showing defendant has hereditary thrombophilia, which defendant argues is an additional COVID-19 risk factor. Mot., ECF No. 157. The government has opposed, Opp'n, ECF No. 160, and defendant has replied, ECF No. 161. For following reasons the court DENIES defendant's motion to reconsider.

A. LEGAL STANDARD

Based on its substance, the court interprets defendant's motion as a motion for reconsideration brought under Federal Rule of Civil Procedure 60(b),[1] which allows for reconsideration of a final order or judgment based on, *inter alia*: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1). Here, defendant argues the court should grant his motion due to "new evidence." Mot. at 1

II. DISCUSSION

In its original order denying defendant's motion, the court assessed the totality of the record before it, and concluded that defendant had not shown his health condition is so serious as to put him at great risk in the face of potential exposure to COVID-19. In particular, the court noted defendant:

> is young, at 31 years of age, which does not eliminate risk, but his age does not correspond with the CDC's identification of persons 65 years or older. Although younger persons with serious health conditions can be high risk, defendant's self-reported history of smoking, occupational smoke inhalation and a heart condition, without more, also does not bring him within the ambit of the CDC's high risk criteria[.]

---

[1] Defendant merely states his motion is brought pursuant to Local Rule 430.1(i)(3). Mot. at 1. Local Rule 430.1(i)(3) requires a party moving for reconsideration to set forth "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." E.D. Cal. R. 430.1(i)(3).

Order at 9–10.  Therefore, the court explained, "on this record, the court cannot find that 'unprecedented, extremely serious health risk posed by continued detention, exacerbated by [defendant's] health conditions, constitutes a compelling reason' for a reduction in defendant's sentence to time served."  *Id.* (citations omitted).

Defendant now asks the court to reconsider this finding, based on the results of a 23andMe genetic report that shows defendant carries a genetic variant called Factor V Leiden, which defendant explains links him to hereditary thrombophilia and makes him more likely to develop a blood clot sometime during his life.  Mot. at 2 (citing *id.*, Ex. 1 ("23andMe Results")[2]).  The government argues there is no reason this evidence could not have been presented in the original motion, and therefore the court should not consider it.  Opp'n at 2.  Predisposition to blood clotting may be a significant risk factor should defendant contract COVID-19, if the news article attached to defendant's motion is correct, *see id.*, Ex. 3, ECF No. 157-3 (Katherine Harmon Courage, "Coronavirus's new mystery: It's causing strokes in healthy people." *Vox* (May 1, 2020)[3]) (citing Thomas J. Oxley, M.D., et al., "Large-Vessel Stroke as a Presenting Feature of Covid-19 in the Young," *N. Eng. J. Med.* (April 28, 2020)[4]).  However, defendant relies entirely on the news article and a commercial genetic test, which, as the government points out, is not intended to diagnose health conditions.  Opp'n at 2 (citing 23andMe Results at 1).  In fact, defendant offers no evidence from a physician or medical professional whatsoever.  Accordingly, the court finds that, even if it were to grant the motion for reconsideration to consider this evidence, the "new" evidence does not change the court's conclusion that there is insufficient evidence in the record to warrant granting defendant's motion for compassionate release.  *Cf. United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *10 (C.D. Cal. May 21, 2020) (relying on defendant's medical records to find defendant's medical conditions were

---

[2] In conjunction with his motion, defendant requests the court file Exhibit 1 to his motion under seal.  *See* Not. Req. to Seal, ECF No. 158.  As explained below, the court grants this request.

[3] https://www.vox.com/2020/5/1/21244171/stroke-coronavirus-symptoms-blood-clots.

[4] https://www.nejm.org/doi/full/10.1056/NEJMc2009787.

1  sufficiently serious, in connection with COVID-19 pandemic, to present "extraordinary and
2  compelling" circumstances).

3  III.    CONCLUSION

4       For the foregoing reasons, while the court has considered the new evidence
5  defendant provides, it DENIES defendant's motion for reconsideration of its prior determination
6  of the merits.  Defendant's request to seal Exhibit 1 to his motion is GRANTED, as the document
7  contains sensitive medical records in which defendant has a compelling privacy interest.  *See* Not.
8  of Req. to Seal, ECF No. 158; *see also Johnsen v. Tambe*, No. 19-141-TSZ-MLP, 2019 WL
9  4014256, at *2 (W.D. Wash. Aug. 26, 2019) (finding plaintiff's "privacy interest in his own
10 medical  records to be a sufficiently compelling reason to seal the medical records themselves").
11 The Clerk is hereby directed to file Exhibit 1 to defendant's motion on the docket, under seal.
12      This order resolves ECF No. 157.
13      IT IS SO ORDERED.
14 DATED:  June 18, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE